IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

KENDRICK MORRIS                                                                                         PETITIONER

VS.                                                               CIVIL ACTION NO. 3:23-cv-123-DPJ-FKB

DONALD JACKSON                                                                                      RESPONDENT

### REPORT AND RECOMMENDATION

Kendrick Morris entered a plea of guilty in the Circuit Court of Hinds County, Mississippi, to second-degree murder (Count I), aggravated assault (Count II), and felon-in-possession of a firearm (Count III).  By orders entered November 26, 2018, he was sentenced to 30 years on Count II (with 20 to serve, 10 suspended, and 5 on supervised probation), 20 years on Count II, and 10 years on Count III, the sentences to run concurrently.  He now brings this petition for a writ of habeas corpus under 28 U.S.C. § 2254 alleging that his guilty plea was involuntary.  Respondent has filed a motion to dismiss the petition as untimely. [6].  Morris has filed no response to the motion.

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitation for petitions for writs of habeas corpus under 28 U.S.C. § 2254:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).  Morris's conviction became final on February 25, 2019, the day his 90-day period for seeking direct review by the United States Supreme Court expired. *See Wallace v. Mississippi*, 43 F. 4th 482 (5th Cir. 2022).  His one-year limitations period began to run that day.  He had one year from that date, or until February 25, 2020, in which to file for federal habeas relief, subject to tolling for any period during which a properly-filed motion for post-conviction relief (PCR) was pending in the state court.  On August 16, 2019, Morris signed and sent in for filing to the state trial court a PCR motion. [7-2] at 3, 5.  The trial court denied the motion on November 1, 2019.  [7-2] at 14.  He did not appeal.  Therefore, under § 2244(d)(2), Morris is entitled to 78 days of statutory tolling for the period during which his state post-conviction action was pending.  His AEDPA statute of limitations expired on May 13, 2020 (one year from February 25,

2019, plus 78 days). Morris did not file his federal habeas petition until on or after February 10, 2023.[1]

Morris's petition is untimely, and he has failed to establish any basis for equitable tolling or any other exception to AEDPA's limitations period. For these reasons, the undersigned recommends that the motion to dismiss be granted and that the petition be dismissed with prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen (14) days after being served with a copy[2] shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 20th day of October, 2023.

s/ F. Keith Ball
United States Magistrate Judge

---

[1] Under the mailbox rule, a prisoner's *pro se* federal habeas petition is deemed filed on the date he delivers the petition to prison officials for mailing to the federal district court. *Coleman v. Johnson*, 184 F.3d 401 (5th Cir. 1999). Thus, Morris's petition was "filed" sometime between the date it was signed, February 10, 2023, and the date it was received and filed by the court, February 16, 2023.

Morris filed additional items related to his PCR motion in June and August of 2021. [7-2] at 16, [7-2] at 22, [7-3] at 3. Morris is entitled to no additional tolling for these filings, as all were filed after his one-year limitations period had expired.

[2] Where a document is served by mail, the party is considered to have been served on the date the document is mailed by the Court. *See* Fed. R. Civ. P. 5(b)(2)(C).